UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:08-CR-105-01-F
No. 7:10-CV-22-F

| | | |
|---|---|---|
| LAURA SUE JONES, | ) | |
|     Movant, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
|     Respondent. | ) | |

This matter is before the court for initial consideration of Laura Sue Jones's ("Jones") "Motion to Vacate, Set Aside or Correct Sentence" pursuant to 28 U.S.C. § 2255 [DE-20 & 23], deemed filed February 8, 2010.[1] This court must conduct an initial consideration of the motion, pursuant to Rule 4, RULES GOVERNING § 2255 PROCEEDINGS, which provides:

> If it plainly appears from the motion, any annexed exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

Factual & Procedural History

Jones pled guilty to conspiring to possess with the intent to distribute more than 50 grams of a mixture or substance containing a detectable amount of methamphetamine, pursuant to a single-count Criminal Information [DE-1] on November 10, 2008. She was not charged with possession of a firearm during and in relation to a drug trafficking crime under 18

---

[1] The envelope in which Jones's initial, but non-conforming, § 2555 motion [DE-20] was contained is postmarked February 8, 2010. *See* Rule 3(d), RULES GOVERNING § 2255 PROCEEDINGS; *Houston v. Lack*, 487 U.S. 266 (1988) (inmates' documents are deemed "filed" at the moment they are delivered, properly addressed and bearing appropriate postage, to prison officials for mailing.

U.S.C. § 924(c). According to the Presentence Report, however, the offense conduct underlying Jones's conviction included possession of a dangerous weapon, for which the Probation Officer added two levels in calculation of Jones's offense level, pursuant to advisory U.S.S.G. § 2D1.1(b)(1) (hereinafter, the "gun bump"). The factual basis for application of the "gun bump" contained in the Presentence Report included the seizure from Ms. Jones's residence of:

January 21, 2008: 4.5 grams of methamphetamine, and unspecified quantity of marijuana, a .22 caliber handgun, ziploc bags, digital scales, and a pipe; and

March 25, 2008: 14.8 grams of marijuana, 25.5 grams of methamphetamine, 4 grams of Alprazolam, 35.1 grams of Dihydrocodeinone, digital scales, smoking devices, $1,570 in currency, a .40 caliber pistol, .40 caliber ammunition, and a drug ledger.

At sentencing, Jones's defense counsel did not object to the two-level gun bump, and the court overruled his objection to the "minor" (rather than a "minimal") role adjustment. The court adopted the findings contained in the Presentence Report as having been proved by a preponderance of the evidence, *except* that the court adopted the parties' stipulation that the "readily provable quantity of a mixture or substance containing a detectable amount of methamphetamine used in the determination of the base offense level pursuant to U.S.S.G. § 2D1.1 is at least 50 grams but less than 200 grams." The court found Jones's offense level to be 26, her criminal history category to be I, and her advisory guideline range to be 60 to 71 months imprisonment.

Intending to impose a lenient sentence but to afford Jones an opportunity to attend the Bureau of Prisons' ("BOP")most intensive drug treatment program, the 500-hour Residential Drug Abuse Program ("RDAP"), the court imposed a sentence of 38 months [DE-16]. Later realizing that a 60-month mandatory minimum sentence was required by statute absent a § 3553(e) motion by the Government to depart below that minimum, the court noticed a Rule

2

35(a) hearing and re-sentencing. That hearing was conducted on February 13, 2009, at which time the undersigned re-sentenced Jones to 60 months, the lowest sentence available by statute, 21 U.S.C. § 841 (b)(1)(B). *See* Amended Judgment [DE-17]. At both sentencing hearings, the undersigned included the express recommendation that Ms. Jones participate in the most intensive drug treatment program available during the term of incarceration.

Ms. Jones did not file a direct appeal of her sentence,[2] but on February 8, 2010, she filed a § 2255 motion [DE-20] setting out several arguments why her conviction should be vacated. That motion did not comply in form with the requirements of this court's Local Rules, and she was so informed. On March 1, 2010, Jones placed a conforming § 2255 petition in the prison mail system, and it was filed as [DE-23].

### Jones's § 2255 Petition

Although she presents them in four separate claims, the factual bases for Jones's petition are (1) that the appeal waiver contained in her plea agreement is void because she was "not fully aware of the impact these waivers particularly applied until unresolved issues was

---

[2] Jones's plea agreement [DE-9] with the Government contained an appeal waiver in which she agreed, in pertinent part,

> to waive knowingly and expressly all rights . . . to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

Memorandum of Plea Agreement [DE-9], p. 1 § 2c. Jones stated under oath that she understood and agreed to the terms of her plea agreement.

3

[sic] introduced at sentencing (gun-enhancement) and prosecution provoked [sic] right to 'make known to the court at sentencing the full extent of the Defendant's cooperation;' " and (2) that had her attorney not rendered ineffective assistance she would not have been tagged with the two-level "gun bump." *See* Jones's § 2255 Motion [DE-23] at p. 8. She contends these facts amount to prosecutorial misconduct and ineffective assistance of counsel – claims she preserved in her waivers of appeal and post-conviction relief.

In vindication of these violations, Jones seeks an order vacating her conviction "by removing the gun-enhancement provision;" applying the "safety valve" under U.S.S.G. § 5C 1.2 and a "minimal" participant role adjustment; allowing a 50% reduction in her advisory guideline range, ordering $15,000.00 in damages against her defense counsel for negligence, terminating her term of supervised release, and expunging her conviction. As the analysis below will demonstrate, even assuming that the violations alleged by Ms. Jones in fact occurred, none entitle her to any reduction in her sentence. The only "prejudice" Jones can claim is the denial of an opportunity to have her term of imprisonment shortened by successful completion of the Intensive Drug Treatment Program, a benefit to which she is not constitutionally entitled.

A. Viability of Plea Agreement

(1) *Consequences of Appeal Waiver*

Ms. Jones seeks relief from application of the appeal waiver contained in her Memorandum of Plea Agreement. *See* [DE-9] § 2c. She contends that when she consented to that provision, she did not understand its consequences. That assertion is contrary to the sworn statements she made at arraignment. Additionally, she argues that the Government breached that plea agreement by failing to advise the court at sentencing of the nature and extent of her cooperation.

4

On appeal of a sentence imposed by this court, the Fourth Circuit Court of Appeals held that a waiver of appellate rights in a plea agreement generally is valid. *United States v. Attar*, 38 F.3d 727 (4th Cir. 1994). Additionally, "waivers of collateral attack rights have been upheld by every Circuit Court of Appeals to consider the issue, so long as the waiver is knowing and voluntary." *Osborne v. United States*, No. 1:07CR00057, 2010 WL 227821, slip op. at *2 (W.D. Va. Jan. 18, 2010) (UP) (collecting cases).

Here, Jones confirmed under oath at her Rule 11 hearing that she had reviewed the plea agreement with her attorney, understood its consequences, and agreed to its terms. The court even inquired of Jones specifically whether she understood the provisions of the appeal waiver and again, under oath, she assured the court that she did. Following a thorough inquiry, the court found that Ms. Jones's guilty plea was knowing and voluntary.

"[I]n the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false'." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (citation omitted)). Where, as here, a district court finds that the petitioner's § 2255 allegations contradict the sworn statements made at a Rule 11 plea hearing, it may dismiss the § 2255 petition without conducting an evidentiary hearing. *Id.* at 222 (internal quotations and citations omitted).

(2) *Government's "Breach" of Promise to Inform*

Secondly, Jones contends she should not be bound by her plea agreement because the Government breached the provision requiring it to inform the court at sentencing of the full nature and extent of her cooperation. At Jones's sentencing hearing, the Government advised the court that it had neither filed a § 5K1.1 motion nor promised that it would return to court to make a Rule 35(b) motion on Ms. Jones's behalf. She stated under oath that she understood

5

that if the Government did not later seek a reduction in her sentence, she would not be entitled to relief from the court. Although the Government technically should have informed the court of any attempt Ms. Jones had made to cooperate, its failure to do so entitles Jones to no relief. Because the Government did not deem whatever assistance Ms. Jones offered to be "substantial," it declined to move for a downward departure from the mandatory minimum sentence required by statute. Consequently, the court had no discretion to sentence Ms. Jones below 60 months. The Government's failure to discuss Ms. Jones's less-than-substantial assistance at sentencing resulted in no prejudice to her.

B. Application of the "Gun Bump"

(1) *"Ineffective Assistance"*

Ms. Jones reveals that after reaching the Bureau of Prisons, she discovered she is not eligible to participate in the Intensive Drug Treatment Program because she was held responsible for a firearm(s) in conjunction with her admitted membership in the drug conspiracy charged in the Criminal Information. The Bureau of Prisons excludes from participation in the Intensive Drug Treatment Program an inmate who is convicted of a drug trafficking offense in which a firearm is involved, whether or not a firearm conviction actually results. Ms. Jones contends that her attorney rendered ineffective assistance because he did not object to the two-level gun bump at sentencing.

Ms. Jones's claim – that she was denied effective assistance of counsel – is governed by *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny. Therein, the Supreme Court explained that the "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Id.* at 686. There are two "prongs" to an ineffective assistance claim: first, the claimant must demonstrate that counsel's

6

performance was deficient, and, second, the claimant must demonstrate that she was prejudiced by her attorney's conduct. *See id.* at 687.

In order to satisfy the first prong – deficient performance – a petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Under this standard, an attorney's competence is presumed; "the [petitioner] must rebut this presumption by proving that [her] attorney's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986).

The second component of an ineffective assistance claim is prejudice. That is, the petitioner bears the burden of demonstrating that her counsel's unprofessional errors resulted in an unfair or unreliable proceeding. *See Lockhart v. Fretwell*, 506 U.S. 364, 368-72 (1993). If a petitioner cannot demonstrate the requisite prejudice, then a reviewing court need not even consider the performance prong. *See United States v. Rhynes*, 196 F.3d 207, 232 (4th Cir. 1999) (citation omitted), *vacated in part on other grounds on reh'g en banc*, 218 F.3d 310 (4th Cir.), *cert. denied*, 530 U.S. 1222 (2000). Unreliability or unfairness of a result does not occur if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles her. *See Lockhart*, 506 U.S. at 372.

Ms. Jones can prove she was "prejudiced," in the nature and to the degree protected by the Constitution and capable of redress under § 2255, by her lawyer's failure to object to the two-level "gun bump" *only* if she can show that such failure rendered her sentencing unfair or unreliable. Her theory is that had her attorney objected to the "gun bump," that two-level increase in her offense level would have been removed and, although her sentence would have been the same (60 months), she would have been eligible for the 500-hour RDAP and consequently, for an early release.

7

(a) "Gun Bump" Appropriately Applied

A preponderance of the evidence before the court at sentencing established, *inter alia*, that during the March 25, 2008, search of Jones's residence, law enforcement officers discovered drugs and a firearm under the bed in which her boyfriend was asleep. This quantity of drugs, the quantity and variety of other controlled substances, the paraphernalia, and the cash seized from the three searches of Ms. Jones's residence between September 2007, and March 2008, places these facts alongside those in *United States v. White*, 875 F.2d 427, 433 (4th Cir. 1989) (307 grams cocaine; weapons are "tools of the trade" of drug trafficking); *United States v. Mangual*, 278 Fed. Appx. 267, 272 (4th Cir.) (UP) ("gun bump" applicable where weapon possessed by coconspirator in cocaine trafficking conspiracy), *cert. denied*, 129 S. Ct. 318 (2008); and *United States v. Dominguez-Yanes*, 224, 224-25 (4th Cir. 2007) (UP) (same, methamphetamine), in which the Fourth Circuit determined that a co-defendant's possession of firearms would be reasonably foreseeable to the defendant in drug conspiracies. Even taking as true Ms. Jones's assertion that the gun was not hers and that she had no knowledge its presence, neither ownership nor actual knowledge is required, and to plead its absence is unavailing. *See, e.g., United States v. Kimberlin*, 18 F.3d 1156, 1159-60 (4th Cir. 1994). The facts as found by the court in adopting pertinent portions of Jones's Presentence Report and those she admitted in her Rule 11 colloquy, her Plea Agreement, and her § 2255 motion, demonstrate that the two-level increase in Jones's offense level under U.S.S.G. § 2D 1.1(b)(1) was a proper application of federal law.

(b) Eligibility for RDAP

The BOP is directed to implement drug abuse treatment programs for its prisoners: "The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. §

3621(b). To effectuate this mandate, the BOP is required to ensure that all "eligible prisoners" "with a substance abuse problem have the opportunity to participate in appropriate substance abuse treatment . . . [and the BOP shall] provide residential substance abuse treatment." 18 U.S.C. § 3621(e)(1). As an incentive for successful completion of the RDAP, prisoners with non-violent offenses may be eligible for up to a one-year early release upon completion of the program.

The BOP has construed the use of the term "non-violent offense" to mean that inmates who receive a sentence enhancement for possession of a firearm in connection with the commission of a drug offense should not be rewarded with a one year early release. *See* BOP Program Statement 5162.05. The Fourth Circuit Court of Appeals specifically addressed this issue, finding that the BOP "acted permissibly and reasonably in applying 18 U.S.C. § 3621(e)(2)(B) to deny inmates early release when their convictions involve the use or possession of firearms . . . [b]ecause possessing a firearm adds an aspect of violence to otherwise nonviolence conduct by posing a risk of danger to others." *Pelissero v. Thomas*, 170 F.3d 442, 447 (4th Cir. 1999).

It is well-established that an inmate is not entitled to participate in rehabilitative programs during incarceration. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (observing that "Congress has given federal prison officials full discretion to control such conditions of confinement, 18 U.S.C. 4081, and a prisoner has no legitimate statutory or constitutional entitlement to invoke due process"). Nor is there any "constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979).

Even if defense counsel's representation could be said to have fallen below an objective standard of reasonableness, because Jones has no statutory or constitutional right either to

9

participate in the RDAP or to receive an early release from her mandatory minimum 60-month sentence, *see, e.g., Sears v. Berkebile*, No. 5:09-CV-246, 2010 WL 1416899 (M&R) (S.D.W. Va. Feb. 26, 2010), *adopted by* No. 5:09-CV-246, 2010 WL 1416895 (S.D.W. Va. April 5, 2010) (UP), she cannot have been "prejudiced" by her attorney's failure to object to the application of advisory U.S.S.G. § 2D 1.1(b)(1) at sentencing, or to the consequences thereof. Ms. Jones, therefore, is unable to establish *both* prongs of the *Strickland* "ineffective assistance of counsel" test, her § 2255 claim on that ground also must fail.

## SUMMARY

For the foregoing reasons, therefore, as it plainly appears from the motion and the prior proceedings in this case that Jones is not entitled to relief on her § 2255, the instant motion [DE-20 & -23] is DISMISSED pursuant to Rule 4, RULES GOVERNING § 2255 PROCEEDINGS. Although the court had hoped and, indeed, recommended, that Ms. Jones "participate in the most Intensive Drug Treatment Program available during the term of incarceration," because of the facts underlying her conviction, that program is not open to her. Ms. Jones received the lowest sentence available under the circumstances of her case and the facts to which she admitted in entering her guilty plea.

After reviewing the claims presented in the instant habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of Ms. Jones's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED. Rule 11 (c)(1)(B), (2), Rules Governing § 2255 Proceedings.

SO ORDERED. This, the 25th day of October, 2010.

JAMES C. FOX
Senior United States District Judge