IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:08-CR-105-F-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER ON PRELIMINARY |
| | ) | EXAMINATION AND DETENTION |
| LAURA SUE JONES, | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the court today for a preliminary examination of the government's amended motion for revocation of Defendant's supervised release and for a hearing on the government's motion to detain Defendant pursuant to 18 U.S.C. § 3142(f). The government presented the testimony of Duplin County Sheriff's Detective Elwood Garner III, and United States Probation Officer Djoni Barrett. Defendant was represented by counsel and did not present any evidence.

The court finds the credible information presented, including that reflected in the findings below, establishes probable cause to support the government's amended motion for revocation of Defendant's supervised release. In addition, having considered the record pursuant to 18 U.S.C. § 3142(g) and based on the findings and reasons stated below and in open court, the court finds Defendant has failed to establish by clear and convincing evidence that she will not flee or pose a danger to any other person or to the community as required. *See* Fed. R. Crim. P. 32.1(a)(6). The government's motion for detention is therefore allowed.

## BACKGROUND

Following a period of incarceration upon Defendant's conviction for conspiracy to

possess with the intent to distribute more than 50 grams of a mixture containing a detectible amount of methamphetamine, Defendant commenced a sixty month term of supervision on or about July 27, 2012. The government has alleged Defendant has violated the terms of her supervision by (1) criminal conduct and (2) failing to notify the probation officer within seventy-two hours of being arrested or questioned by law enforcement. [DE-35].

Credible testimony at the hearing established that following an investigation through the use of a confidential informant, on or about August 12, 2013, law enforcement executed a search warrant on Defendant's residence. As law enforcement entered Defendant's residence, Defendant was seen running to the bathroom where a marijuana pipe was subsequently discovered on the floor and Defendant was discovered to have 2 grams of methamphetamine on her person. In their search of Defendant's residence, law enforcement discovered counterfeit currency, a paper cutter, printers and a computer, as well drug paraphernalia, including a methamphetamine pipe and plastic baggies. After execution of the search warrant, Defendant described to law enforcement the process by which counterfeit currency is manufactured. Defendant was subsequently arrested and charged with the offenses described in the government's amended motion. The government proffered without objection Officer Barrett who stated that on August 13, 2013, a routine criminal background check of Defendant was performed, whereupon it was learned for the first time Defendant had been charged with larceny in Duplin County on May 10, 2013. The government offered into evidence without objection a police report from the Wallace Police Department regarding the larceny charge.

Accordingly, based on this evidence, and for other reasons stated in open court, this court finds there is probable cause to support the government's amended motion to revoke Defendant's

supervised release.

**DISCUSSION**

The law requires that Defendant be detained pending further proceedings based on the following principal findings and reasons: (1) the nature of the violations alleged in the government's amended motion and the strength of the government's case; (2) the lack of a third-party custodian and an appropriate release plan; and (3) other findings and reasons stated in open court. Considerations cited by Defendant's counsel at the hearing as mitigating, including unrebutted argument of Defendant's compliance with other terms of supervised release, do not offset the other factors weighing heavily in favor of detention.

**CONCLUSION**

Accordingly, Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant shall be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, the 12th of September 2013.

Robert B. Jones, Jr.,
United States Magistrate Judge

3

Case 7:08-cr-00105-F Document 38 Filed 09/12/13 Page 3 of 3